# Glading *versus* George.

1. The owner of a vessel is liable for supplies ordered by the master in a home port, unless it be shown that the master had no authority to order them, and that the parties furnishing them had knowledge of their want of authority.

2. The master is the general agent of the owners, for all purposes connected with the ordinary employment of the ship.

3. It matters not that the master of a ship in a home port is furnished with money for the purpose of procuring supplies, if the tradesman had no knowledge of the fact.

4. The owner is not liable for supplies furnished to a ship, if the articles were furnished on the personal credit of the master.

5. In the absence of evidence tending to show that supplies were furnished for a ship on the credit of the master, the presumption of law is that they were furnished on the credit of the owners.

ERROR to the District Court of *Philadelphia.*

[Glading *v.* George.]

The plaintiffs in error were defendants below.

Assumpsit.

The plaintiff in error, William Glading, one of the defendants below, purchased, at public peremptory sale, upon Thursday, January 20th, 1853, at 12 o'clock, noon, two-thirds of the schooner Sally Ann, then lying at Almond Street wharf, in this city. The remaining third of the schooner was at that time owned by the other defendant below, William T. Clark. The vessel had been in port some days, and was destined to proceed to the West Indies. Her cargo was nearly all on board at the time of the sale, her destination had been previously determined, and she actually left port on the morning of Sunday, January 23d.

The defendant in error and plaintiff below, Thomas George, was a grocer and provision dealer, and claimed to hold the defendants below liable, as owners of the vessel, for stores furnished to her by him upon the order of the master, under the general principle of the maritime law. These supplies were furnished on two different occasions, the first bill being made in January and the second bill in March, 1853.

The plaintiff alleges that both bills were ordered and furnished *after* the purchase made by Glading. This was denied by Glading, who averred that the bill of January, 1853, was both ordered and supplied before the purchase by him at public sale. Upon this point there was conflicting verbal testimony, one of the defendant's witnesses, the first mate of the vessel, swearing that nearly all the stores were furnished before the sale, and some of the plaintiff's witnesses asserting that they were ordered and furnished after the sale. One of the plaintiff's witnesses stated that he was sent down by the plaintiff to the vessel before the sale to get buckets, jugs, &c., to put the stores in.

The defendant, Glading, was a resident of the city of Philadelphia at the time the supplies were furnished, and it was proved by him that after the sale of the two-thirds of the vessel to him, he supplied the captain with the sum of $300 to pay for stores.

It was contended on behalf of the defendant, that if he had supplied the master with sufficient money with which to purchase stores, he was not liable for the goods supplied by the plaintiff upon the master's order; and, further, that if the supplies were furnished before the sale to him, or ordered by the captain *before* the sale, though furnished *after* the sale, the defendant was not liable upon implied authority to the captain to pledge his credit.

The court, SHARSWOOD, J., charged the jury as follows:—

[Glading *v.* George.]

The fact that Glading resided here does not prevent his liability.

If, the money was advanced to the captain to buy stores, the captain had no authority to buy on credit.

The owner of a vessel is liable for supplies ordered by the master in a home port, unless it be shown that the master had no authority to order them, and that the parties furnishing them had knowledge of their want of authority. *Provost* v. *Patchin*, 5 Selden's Rep. 235; *Blackstock* v. *Leidy*, 7 Harris, 345; *Lincoln* v. *Wright*, 11 Harris, 76.

The master is the general agent of the owners for all purposes connected with the ordinary employment of the ship, and it matters not that the owners reside at the port where the supplies are ordered, nor does it matter that the master was furnished with money for the purpose of procuring the supplies, if the tradesman had no knowledge of that fact.

But the owner is not liable if it appears that the articles were furnished on the personal credit of the master. In the absence of any evidence tending to show that exclusive credit was given to the master, if the articles were delivered at the ship, and even such as were reasonable and proper for the ship's uses on her intended voyage, the presumption of law is that they were furnished on the credit of the owners.

Was the defendant the owner of the ship at the time the stores in question were furnished? If he was, then he was liable for them, if the supplies were delivered at the ship and were reasonable and proper for the ship's use for the voyage. If, however, they were contracted and furnished before he became the owner, he is not responsible, though they may have been ordered before by the captain, yet if in point of fact they were made up for and delivered at the ship afterwards, and accepted by the captain, after his employment by the defendant as captain, for the use of the ship, it is in point of law as if the captain had them ordered anew. If part had been delivered before, so that the liability of the former owners attached, then for so much defendant would not have been liable, so, also, if the whole had been delivered before.

The question, in fact, to be determined by you upon the evidence is whether the whole, or what part of the bill of January was delivered at the ship after the sale to defendant. If the contract was complete, so as to bind the former owner before the sale to defendant, defendant is not liable.

As to the bill of March there seems to be no question, except, whether in point of law the owner was responsible, and upon that point I have already instructed you.

Verdict for plaintiff $483 38.

The charge of the court is assigned for error.

[Glading *v.* George.]

*G. W. Biddle,* for plaintiff in error.

The liability of an owner for supplies furnished to a vessel upon the order of the master, in the absence of direct authority from the owner, and especially where he is ignorant of the fact, is *prima facie* contrary to natural law; and is only admitted from the supposed necessity of the case, upon the ground that the want of the articles supplied is such, that had the owner been informed of it, he would himself have sanctioned the purchase. This power of treating the master as the agent of the owner as to procuring supplies is not, however, unlimited, but is restricted to such supplies as are necessary under the circumstances of the voyage, *Pope* v. *Nickerson,* 3 Story's Rep. 465, per Story, J.; *The Alexander,* 1 W. Robinson's Rep. 346, 355.

And it is expressly laid down in Abbott, page 135, part II., chap. III., in treating of this subject, that to constitute a demand against the owner it is necessary that the supplies furnished by the master's order should be reasonably fit for the occasion, or that money advanced to him for the purchase of them should at the time appear to be wanting for that purpose. The contrary would furnish a strong presumption of fraud and collusion on the part of the creditor.

Mr. Glading, the purchaser of two-thirds of this vessel, lived in the city of Philadelphia at the time; immediately after the sale to him he supplied the captain with the sum of $300 for the purchase of supplies, and the vessel sailed on the third day after the sale to the defendant. In the case of *Arthur* v. *Barton,* 6 Mees & Wels. 188, which presented the question whether an owner residing near the port where the master borrowed money for the ship's use was liable, the judge told the jury that to justify such a borrowing, the case must be one of pressing necessity, when the master and owner could not communicate without great prejudice and delay.

The case of supplies furnished does not differ from a loan of money, except as to the extent of proof required. *The Alexander,* 1 W. Rob. Adm. 361, cited fully in Abbott on Shipping (7th Am. ed., from 8th Eng. ed.), page 141.

*Arthur M. Burton,* for defendant in error, cited *Phillips* v. *Tupper,* 2 Barr, 325; *Scottin* v. *Stanley,* 1 Dallas, 129; *Duff* v. *Bayard,* 4 W. & S. 240; *Leonard* v. *Huntington,* 15 Johns. 298; *Marquand* v. *Webb,* 16 Johnson, 89; *James* v. *Bixby,* 11 Mass. 34; *Stewart* v. *Hall,* 2 Dow, 29; Curtis's Rights and Duties of Merchant Seamen, 172; 1 Bell's Com. 413; Abbott on Shipping, 101; *Rich* v. *Coe,* Cowper, 636; *Hussey* v. *Christie,* 9 East, 432; *Hoskins* v. *Slaytur,* Cas. Temp. Hardw. 360; 1 Bell's Com. Sections, 434, 435, pp. 507, 519, 520, 524; 11 Mass. 34; 2 Livermore on Agency, 267, 269.

[Chew's Appeal.]

"The master of the ship has an incidental authority to hire seamen for the voyage, and to contract for necessary repairs and equipments for the voyage." Story on Agency, §§ 116, 297; Abbott on Shipping, 101, 91–102; 1 Bell's Com. 413; 11 Mass. 34; 15 Mass. 477; 1 Cow. 290; 7 Johns. 311; 16 Johns. 89; 1 Tenn. Rep. 108; 2 Camp. 339; 4 B. & Ald. 352; *Frost* v. *Oliver*, 75 Eng. Com. Law, 300; *Mackenzie* v. *Porly*, 11 Exch. 640; *Myers* v. *Wills*, 86 Eng. Com. Law, 891.

*Per curiam.*—This case is affirmed for the reasons given by the court below.

Judgment affirmed.